OmniVere, LLC v Friedman (2019 NY Slip Op 05494)





OmniVere, LLC v Friedman


2019 NY Slip Op 05494


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9837 154544/16

[*1]OmniVere, LLC, Plaintiff/Defendant-Respondent, 
v
Saul N. Friedman, et al., Defendants, Intelligent Discovery Management LLC, et al., Defendants/Plaintiffs-Appellants.
Intelligent Discovery Management LLC, et al., Third-Party Plaintiffs-Appellants,
v
OmniVere Holding Company, LLC, et al., Third-Party Defendants-Respondents.


Schlam Stone & Dolan LLP, New York (Bradley J. Nash of counsel), for appellants.
Bernstein & Associates, PLLC, Scarsdale (Robert B. Bernstein of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered December 7, 2018, which granted the motion of OmniVere LLC, OmniVere Holding Company LLC and Eric S. Post (Omnivere) to dismiss the counterclaim and third-party complaint, unanimously affirmed, with costs.
The court correctly dismissed the claims of Intelligent Discovery Management, LLC and Balint Brown & Basri, LLC (IDMB) for damages resulting from alleged misrepresentations and fraudulent conduct relating to equity IDMB received in a transaction with Omnivere. IDMB failed to sufficiently allege justifiable reliance on the alleged misrepresentations regarding Omnivere's financial projections and financing since IDMB had the means to discover the true nature of the transaction by the exercise of ordinary diligence but failed to make use of those means (see Ventus Group LLC v Finnerty, 68 AD3d 638, 639 [1st Dept 2009]). Similarly, the court correctly dismissed the negligent misrepresentation claim because IDMB failed to allege that it had no means to discover the financial information about Omnivere which it claims was misrepresented to it (see Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 278 [1st Dept 2005]). The court also properly dismissed the breach of contract claims arising from Omnivere's alleged refusal to make distributions and recognize conversion rights under the relevant [*2]agreements since conditions in the agreements had not been met before litigating those claims.
We have considered IDMB's remaining claims and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK